UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DALE SOUTHWELL,)
)
        Petitioner,)    Case No. 4:05-cv-133
)
v.)    Honorable Richard Alan Enslen
)
CALHOUN COUNTY CORRECTIONAL)
 FACILITY et al.,)
)    **DEFICIENCY ORDER**
        Respondents.)    **FOR A CIVIL ACTION**
)

        Donald Dale Southwell, a prisoner incarcerated in the Calhoun County Correctional Facility, purports to bring a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. At the time of filing his petition, Mr. Southwell paid $5.00. The filing fee for a petition for writ of habeas corpus is $5.00; however, the filing fee for all other civil actions is $250.00. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973). Petitioner does not challenge the fact or duration of his confinement. Rather, he challenges the conditions of his confinement at the Calhoun County Jail. Among other things, Petitioner claims that he had been denied proper dental care. Claims concerning the conditions of a prisoner's confinement typically are presented in a civil rights action brought pursuant to 42 U.S.C. § 1983. Petitioner, therefore, will be assessed the $250.00 civil action filing fee.

        Petitioner has failed to pay the filing fee or to apply in the manner required by law to proceed *in forma pauperis*. Under the provisions of the Prison Litigation Reform Act of 1995,

if a prisoner wishes to proceed *in forma pauperis*, the prisoner must file a certified copy of a prisoner trust account statement and an affidavit of indigence. 28 U.S.C. § 1915 (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Petitioner has failed to file the required in order to proceed *in forma pauperis*. Petitioner is hereby notified of the foregoing deficiencies.

Petitioner is informed that within 30 days from the date of this notice, he must submit the $245.00 balance of the filing fee or, alternatively, file the required documents to proceed *in forma pauperis*. *See McGore*, 114 F.3d at 605. The affidavit must include a statement of all assets Petitioner possesses, a statement that Petitioner is unable to pay the fee or give security therefor, and a statement of the nature of the action. 28 U.S.C. §§ 1915(a)(1) and (2). Petitioner must file either Form 4 from the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit containing the identical information requested in Form 4. *McGore*, 114 F.3d at 605. The trust account statement must be a certified copy and must be for the 6 months immediately preceding the filing of Petitioner's complaint. 28 U.S.C. § 1915(a)(2); *McGore*, 114 F.3d at 605.

Petitioner is also notified that if he fails to pay the filing fee or to file the required documents as described above, the district court must presume that he is not proceeding *in forma pauperis*. *McGore*, 114 F.3d at 605. In that case, the district court must assess the entire filing fee and must order the case dismissed for want of prosecution. *Id.* If Petitioner's action is dismissed under these circumstances, it will not be reinstated even if Petitioner subsequently pays the filing fee. *Id.*

Date: December 27, 2005                                  /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge

**FILING FEES SHALL BE REMITTED TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**